# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:05-CR-60-TLS |
| | ) | |
| ELEASAR RIVAS | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 75], filed by counsel on September 4, 2015. The Government filed a Response in Opposition [ECF No. 76], arguing that the Defendant is not eligible for relief under 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the Court withholds ruling on the Petition, and sets the matter for a telephonic status conference.

## BACKGROUND

The Defendant pled guilty to and was convicted of conspiring to possess with intent to distribute more than 5 kilograms of cocaine. The Court sentenced the Defendant on May 8, 2006. Under the Sentencing Guidelines, the Defendant's total offense level was 29 and his criminal history category was II, resulting in a range of 97 to 120 months. However, the Defendant was subject to a statutory mandatory minimum term of imprisonment of 240 months due to his prior felony drug conviction. 21 U.S.C. § 841(b)(1); *see also* Information Pursuant to 21 U.S.C. § 851(A)(1), ECF No. 33.

At the time of sentencing, the Government filed an Agreed Motion for Downward Departure seeking a 30 month departure from the 240-month statutory mandatory minimum. *See* 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to

impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."). The Court granted the Agreed Motion and sentenced the Defendant to 210 months. The Defendant is currently scheduled to be released in May 2021.

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, the Defendant now seeks a reduction in his sentence "so that it reflects the Sentencing Guidelines effective November 1, 2014." (Pet. 3, ECF No. 75.)

## DISCUSSION

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). An exception exists "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under this statute, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission"). The policy statements referenced by § 3582(c)(2) are contained in § 1B1.10 of the Sentencing Guidelines.

A reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with the applicable policy statement if an "amendment does not

have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Application Note 1(A). As stated above, the operation of a statutory mandatory minimum term of imprisonment was in effect for this Defendant. The Court initially calculated the Defendant's offense level pursuant to U.S.S.G. § 2D1.1. This calculation resulted in a Guideline range of 97 to 120 months. However, due to the Defendant's prior felony drug conviction, he was subject to a statutory minimum sentence of 240 months, which exceeded even the high end of the Guideline range. Thus, 240 months became the Guidelines sentence. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Upon motion of the Government for the Defendant's substantial assistance, the Court sentenced the Defendant to 210 months of imprisonment.

A defendant's amended guideline range is calculated by using the procedures set forth in § 1B1.1(a). *See* U.S.S.G. § 1B1.10, Application Note 1(A). This would involve first substituting the amended base offense level set forth in the revised drug quantity table and then applying the trumping provisions of sections 5G1.1 and 5G1.2 as appropriate, as was done for the Defendant's original sentence. However, a new section of the Guidelines, brought about by Amendment 780, changes the analysis for defendants who have received a sentence below the statutory mandatory minimum for their substantial assistance to the government. According to this subsection, a district court should *not* consider the effects of § 5G1.1 or § 5G1.2 when ruling on a cooperating defendant's § 3582(c)(2) motion. *See* U.S.S.G. § 1B1.10(c) (effective Nov. 1, 2014). This subsection provides:

3

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

*Id.* In discussing the reason for this provision, the Sentencing Commission noted that Circuit courts previously had "conflicting interpretation of when, if at all, § 1B1.10 provides that a statutory minimum continues to limit the amount by which a defendant's sentence may be reduced under 18 U.S.C. § 3582(c)(2) when the defendant's original sentence was below the statutory minimum due to substantial assistance." *Id.* App. C, amend. 780 (Reason for Amendment 780). "This clarification ensures that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for that assistance." *Id.*

Because the Defendant was sentenced to less than the mandatory minimum of 240 months of imprisonment pursuant to a Government motion to reflect his substantial assistance to authorities, his amended Guideline range must be determined without regard to the operation of § 5G1.1. *See Dillon v. United States,* 560 U.S. 817, 830 (2010) (holding that § 3582(c)(2) requires courts to follow the Commission's instructions in § 1B1.10 to determine whether a prisoner is eligible for a sentence modification). Based upon a Criminal History Category of II and the amended Total Offense Level of 27, the new sentencing guideline range is 78 to 97 months. The Court may sentence below this amended range in an amount comparable to that which the Court originally granted for the defendant's substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B).

Neither party has cited to § 1B1.10(c). Instead, the Government argues that the Defendant is not eligible for a reduction because his sentence was not based on the Guideline range, but was based on the statutory mandatory minimum and the Government's decision to move for a sentence below that minimum. (Gov't Resp. in Opposition 5, ECF No. 76). Responding to this argument, the Defendant asserts that the Guidelines were a vital part of his sentence.[1] As stated above, § 1B1.10(c) bears directly on this case and makes the Defendant eligible for a sentence reduction.

Having found the Defendant eligible for a reduction under § 3582(c), the Court may reduce his term of imprisonment after considering the factors set forth in § 3553(a), but it is not required to. U.S.S.G. § 1B1.10(a)(1); *Dillon*, 560 U.S. at 826 (holding that § 3582(c) establishes a two-step inquiry: "[a] court first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)). Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a); *see also* U.S.S.G. § 1B1.10, Application Note 1(B)(ii) (stating that the court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"). Additionally, the Court "may consider" the Defendant's post-sentencing conduct. *Id.*, § 1(B)(iii).

The probation officer has filed an Addendum to the Presentence Report [ECF No. 77]. In

---

[1] The Defendant submits that because his sentence of 210 months was 216% higher that the low end of the Guideline range, that his sentence should be reduced to 216% of the new Guideline range of 78 to 97 months—or 168 months.

that Addendum, the officer notes that the Defendant has had several serious disciplinary issues while incarcerated. To the extent that these infractions, as well as the seriousness of the offense and the history and characteristics of the Defendant, impact whether a sentence reduction is warranted, the Court will invite the Defendant and the Government to supplement the record.

## CONCLUSION

For the reasons stated above, the Court WITHHOLDS RULING on the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 75]. The Court finds that the Defendant is eligible for a reduction in his sentence under § 3582(c)(2) because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In making a final determination whether to grant a reduction and, if so, the extent of such reduction, the Court will consider, where appropriate, the risk that the Defendant poses to public safety, the nature and circumstances of the Defendant's offense, the Defendant's personal history and characteristics, and the Defendant's post-sentencing conduct, along with the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the Defendant. By separate order, this matter will be SET for a telephonic status and scheduling conference.

SO ORDERED on October 14, 2015.

     s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT